# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| **MALIBU MEDIA, LLC,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 1:17CV01343-LO-IDD |
| v. : | |
| : | |
| **XINNAN LIU,** : | |
| : | |
| Defendant. : | |

## REPORT OF THE PARTIES' PLANNING MEETING

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on July 2, 2018. Those participating were:

| | |
|---|---|
| Jon A. Hoppe, Esq. | Robert F. Powers, Esq. |
| Law Offices of Jon A. | Andrea C. Harris, Esq. |
| Hoppe, Esquire, L.L.C. | McClanahan Powers, PLLC |
| 1025 Connecticut Avenue, NW #1000 | 8133 Leesburg, Pike, Suite 130 |
| Washington, DC 20036 | Vienna, VA 22182 |
| Tel: (202) 587-2994 | Tel: (703) 520-1326 |
| Fax: (202) 587-2995 | Fax: (703) 828-0205 |
| Email: jhoppe@mhhhlawfirm.com | Email: rpowers@mcplegal.com |
| *Attorney for Plaintiff* | aharris@mcplegal.com |
| | *Attorneys for Defendant* |

John Carlin Decker, II, Esq.
Law Office of John C. Decker II
5207 Dalby Lane
Burke, VA 22015
Tel: (703) 503-0254
Fax: (703) 503-2295
E-mail: the.decks@verizon.net
*Attorney for Plaintiff*

2.  **Pre-Discovery Disclosures:** The parties agree to exchange the information required by Fed.R.Civ.P. 26(a)(1) by **July 20, 2018**. The parties also agree that they will file and submit to a

Protective Order for the Court approval by **July 27, 2018 or** move to resolve any pending issues in that regard.

3. **Motions to Add Parties or Amend Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **August 10, 2018**, with the exception of a motion seeking to amend to add defenses or counterclaims. Motions for amendment or joinder after this date will not be allowed except for good cause shown.

4. **Discovery Plan:** The parties jointly propose to the court the following discovery plan:

   **Discovery will be needed on the following subjects:**

   The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto filed by Plaintiff, and in any Answer and any amendments thereto, including any Affirmative Defenses, filed by Defendant.

   Per this Court's Scheduling Order dated **June 6, 2018**, the parties will not exceed five (5) non-party, non-expert witness depositions and may not serve on any other party more than thirty (30) interrogatories, including parts and subparts without leave of court.

   **Plaintiff:** Notwithstanding the previous sentence, in addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and Defendant's Internet Service Provider. Each deposition should last no more than 7 hours. For the avoidance of doubt, Plaintiff will seek leave of Court if it desires to conduct more than five (5) non-party, non-expert witness depositions.

   **Defendant:** Defendant intends to propound interrogatories, requests for admission, requests for production of documents, and may conduct depositions of individuals identified in

Plaintiff's Amended Complaint including any Exhibits attached thereto or Plaintiff's or Defendant's discovery or other witnesses. Defendant may seek to inspect the technical equipment of Plaintiff's technical experts.

In support of his Affirmative Defenses, in part, Defendant intends to seek discovery with respect to Plaintiff's financial information pertaining to the Infringing Works, including, a breakdown of the costs to produce and commercialize each of the Infringing Works; the identity of each staff member working on each of the Infringing Works and how much each is paid and how they are paid; amount of monies, including in settlement through litigation, received by Plaintiff pertaining to each of the Infringing Works; number of swarms pertaining to each of the Infringing Works; number of individual IP addresses in each swarm; amount of settlement obtained from each swarm; the identity of the parties paid from settlement monies and judgment awards obtained by Plaintiff; and the amount or percentage each of the aforementioned parties receives and has received. Defendant also intends to seek discovery with respect to communications between staff of Plaintiff with respect to Plaintiff's business model with respect to the revenue Plaintiff obtains through litigation.

**Disclosure of Electronically Stored Information:**

The parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

The parties agree to the following claw back provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing

party may request that the document be returned or destroyed. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return or destroy all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned or destroyed document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**Discovery Schedule:**

i. Deadline to propound Written Discovery: **August 17, 2018.**

ii. Discovery Completion Date: As per this Court's Scheduling Order dated **June 6, 2018**, discovery will be completed by **November 9, 2018**.

iii. Recommended date for serving primary expert designations and reports: The parties agree that Plaintiff's expert report shall be submitted by Plaintiff on or before **August 31, 2018.**

iv. Recommended date for making rebuttal expert designations: Defendant's rebuttal shall be submitted on or before **September 14, 2018.**

v. As per this Court's Scheduling Order dated **June 6, 2018**, the trial of this case will be set for a day certain, within 4-8 weeks of the final pretrial conference. The final pretrial conference has been set for **November 16, 2018,** at **1:30 p.m.**

5. **Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses.**

All pleadings, motions, and other papers that are filed are to be served on the other party electronically as provided by the Federal Rules and local rules. In addition, the parties agree to serve by e-mail all discovery requests and written responses and other papers that are not filed. The serving party shall attach the pleading or paper in "Portable Document Format" (.pdf) or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery via service with the ability to "track" deliveries and verify receipt. Service of discovery requests, objections and responses by e-mail prior to 11:59 p.m. Eastern Time shall be the equivalent of service by hand that day for purposes of Rules 5 and 6. If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the date of receipt.

6. **Modification.** A party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

7. **Privilege log**. The parties agree to make a good-faith effort to provide a privilege log within fourteen (14) calendar days of service of documents responsive to document requests. The parties further agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of this action, and documents and things created after the date of the filing of this lawsuit need not be identified on any such privilege log.

8. **30(b)(6) Witness Designations**. The parties agree to identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least five (5) days in advance of the deposition date.

9.      **Requests for Admission.** Plaintiff may serve up to forty (40) requests for admission on Defendant, and Defendant may serve up to forty (40) requests for admission on Plaintiff. The parties agree to meet and confer before serving requests for admission or a stipulation regarding the authenticity of documents.

10.     **Third Party Materials.** The parties shall provide or make available all materials obtained from third parties pursuant to Rule 45.

11.     **Daubert Motions, Motions in Limine and Dispositive Motions**. The parties agree that all *Daubert* motions to exclude experts or expert testimony and all motions in limine shall be filed in time to be heard at least two (2) weeks before the trial date. In advance of a hearing date, the parties involved shall prepare and submit a proposed briefing schedule. Dispositive Motions shall be served within 30 days of the conclusion of discovery.

12.     **Magistrate:** The parties at this time do not consent to proceeding before a magistrate judge except for discovery related matters.

13.     **Jury Trial.** A jury trial has been demanded.

14.     **Settlement:** The parties will be discussing the possibility of settlement on this matter. The court will be notified if a settlement is reached.

**Dated: July 2, 2018**

APPROVED BY:

| | |
|---|---|
| By: */s/ Jon A Hoppe* | By: */s/ Robert F. Powers* |
| Jon A. Hoppe, Esq | Robert F. Powers, Esq. |
| Law Offices of Jon A. | Andrea C. Harris, Esq. |
| Hoppe, Esquire, L.L.C. | McClanahan Powers, PLLC |
| 1025 Connecticut Avenue, NW#1000 | 8133 Leesburg Pike, Suite 130 |
| Washington, DC 20036 | Vienna, VA 22182 |
| Tel: (202) 587-2994 | Tel: (703) 520-1326 |
| Fax: (202) 587-2995 | Fax: (703) 828-0205 |
| Email: jhoppe@mhhhlawfirm.com | Email: rpowers@mcplegal.com |
| *Attorney for Plaintiff* | aharris@mcplegal.com |

*Attorneys for Defendant*


By: */s/ John C. Decker, II*
John C. Decker, II, Esq.
Law Office of John C. Decker II
5207 Dalby Lane
Burke, VA 22015
Tel: (703) 503-0254
Fax: (703) 503-2295
E-mail: the.decks@verizon.net
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

     I hereby certify that on July 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

                                         By: /s/ \_\_\_\_\_John C. Decker, II_____
                                                John C. Decker, II